NORTHCUTT, Judge.
Terry W. Saliva filed a petition for writ of prohibition, which we treat as an appeal of a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Saliva and his former wife, Cynthia L. Nolin, were divorced in 1994. In a separate action filed in 2003, Nolin petitioned to terminate Saliva’s parental rights as to the parties’ child pursuant to section 39.806, Florida Statutes (2003). She also filed an “Emergency Motion to Suspend Respondent’s Contact and Visitation with Minor Child, and For Issuance of Restraining Order (Injunction for Protection) Against Respondent.” The circuit court entered an ex parte order providing that “[i]f the Father has a request for contact, he must bring that request before the Court prior to attempting contact with the mother or the child.”
Saliva sought a writ of prohibition, contending that this order improperly altered his visitation rights. It is clear, however, that the order did not modify the parties’ final judgment of dissolution of marriage or any visitation order flowing therefrom. Rather, the court entered an ex parte injunction for protection pursuant to its authority under section 784.046, Florida Statutes (2003).
We note that the court should have denied the motion because Nolin failed to comply with the procedural prerequisites set forth in the statute. However, section 784.046(6)(c) provides that an ex parte temporary injunction for protection shall be effective for a fixed period not to exceed fifteen days. The order at issue here was entered on January 29, 2004. Although the order did not indicate when the temporary injunction would expire and did not schedule a date for a return hearing as required by the statute, it is clear from the record before this court that the injunction has expired. Therefore, this appeal is moot.
Appeal dismissed.
CASANUEVA, J„ and GREEN, OLIVER L., Senior Judge, Concur.